# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LOVIE NICOLE SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00700 |
| ) | Judge Campbell/Frensley |
| SANTANDER CONSUMER USA Inc., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### INTRODUCTION

Pending before the Court is Defendant Santander Consumer USA Inc.'s (Santander) motion to compel arbitration, which was filed on July 19, 2023. Docket No. 4. Plaintiff Lovie Nicole Sims has not responded to the motion. For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Sims's failure to prosecute and that Santander's motion to compel arbitration be found moot.

### BACKGROUND

Sims initiated this action on June 16, 2023, by filing a pro se complaint in the Chancery Court of Wilson County, Tennessee. Docket No. 1-1. Sims alleges that her contract with Santander for a car loan violates federal and state law. *Id.* On July 17, 2023, Santander removed the case to this Court. Docket No. 1.

Two days later, Santander filed a motion to compel arbitration, supporting memorandum of law, and exhibits, asking the Court to stay Sims's case and order arbitration of her claims.

Docket Nos. 4–4-2. Sims did not respond to the motion in the time allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court. On August 9, 2023, the Court extended the response deadline and entered an order for Sims to respond to Santander's motion by August 30, 2023. Docket No. 6. The Court warned Sims that failure to respond to Santander's motion could result in the motion being granted or other relief being recommended. *Id.* Over a month has passed since the Court's extended August 30, 2023 deadline and Sims has still not responded to Santander's pending motion. Further, the docket reflects that Sims has not filed anything in this action since it was removed roughly three months ago.

## LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**B.   The Case at Bar**

The undersigned finds that dismissal under Rule 41(b) is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case, and failure to comply with the Court's orders by Sims.

**1.   Bad Faith, Willfulness, or Fault**

3

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Although there is no indication that the Sims's failure to file a response to Santander's motion to compel arbitration by the extended deadline was driven by bad faith, she is still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), *report and recommendation adopted by* 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion and the Court's show-cause orders, despite receiving additional time to do so). This factor therefore weighs in favor of dismissal.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are

not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Santander filed a motion to compel arbitration. Docket No. 4. There is no indication that Santander has been forced to waste substantial time, money, or effort in pursuit of Sims's cooperation. However, Sims's failure to take any steps to advance the litigation does prejudice Santander. All parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as Sims has here, prejudices the parties and reflects the type of situation where the Court should intervene. Thus, this factor weighs in favor of dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 629 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Sims that failure to respond to Santander's motion to compel arbitration by the extended deadline could result in that motion being granted or other relief being recommended. Docket No. 6. Sims was on notice of the need to cooperate in the proceedings. This factor therefore supports dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ."

5

*Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. This is so even though Santander has filed a motion to compel arbitration. *See, e.g., Frazier v. SSC Superior Twp. Operating LLC*, No. 12-CV-15293, 2013 WL 3471132, at *1 (E.D. Mich. July 10, 2013) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendant's motion to compel arbitration moot). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## CONCLUSION

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b), and that Santander's motion to compel arbitration (Docket. No. 4) be FOUND MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**